UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

In the Matter of the Petition of THE CITY
OF ALBANY,

Petitioner,

-against-                                                    Case No.: 1:11-cv-1524

OCCUPY ALBANY, OCCUPY ALBANY
LEGAL GROUP, MARK MISHLER, as legal
Representative of Occupy Albany,
JOHN DOE AND JANE DOE,

Respondents.

---

PETITIONER CITY OF ALBANY'S
REPLY MEMORANDUM OF LAW

Stephen J. Rehfuss, Esq.
NDNY Bar Roll No. 102421
REHFUSS, LIGUORI & ASSOCIATES, P.C.
Attorneys for Petitioner
The City of Albany
40 British American Boulevard
Latham, New York 12110
(518) 713-2144

## <u>TABLE OF CONTENTS</u>

Table of Authorities.......................................................................................ii-iii

Memorandum of Law

    Preliminary Statement..............................................................................1

    Statement of Facts....................................................................................1

    Argument...................................................................................................1

    Point I:    REMOVAL WAS IMPROPER AS THIS COURT LACKS
              JURISDICTION OVER THE ISSUES PRESENTED IN THE
              PETITION........................................................................................1

              A.    The issues raised in the Petition do not require resolution of a
                  substantial question of federal law.................................................2

              B.    Seeking a preliminary injunction does not create a federal
                  question............................................................................................5

              C.    The underlying action does not revolve around the constitutionality
                  of the regulations violated by Respondents ....................................6

    Point II:    PETITIONER IS ENTITLED TO COSTS AND EXPENSES INCURRED
              AS A RESULT OF THE IMPROPER REMOVAL...................................7

    Conclusion...................................................................................................8

## **TABLE OF AUTHORITIES**

### **Cases**

Broder v. Cablevision Sys. Corp. 418 F.3d 187 (2d Cir. 2005)......................................................6

Cal. Pub. Emps.' Ret. Sys. V. WorldCom, Inc., 368 F.3d 86 (2d Cir. 2004)..............................7

Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987)...........................................................................2

Children's Village v. Greenburgh Eleven Teachers Union Federation of Teachers,
    867 F.Supp. 245-47 (S.D.N.Y. 1994) .........................................................................4, 7

Cosgrove v. Cloud Books, 83 A.D.2d 789 (4th Dept. 1981).........................................................5

Debevoise v. Rutland R. Corp., 291 F.2d 379 (2d Cir. 1961) ......................................................4

Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983) ..........................2

Freeman v. Morris, 2011 WL 6139216 (D. Me. 2011).................................................................3

Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).........................6

Hickerson v. City of New York, 146 F.3d 99 (2d Cir. 1998) ........................................................3

Isbell v. City of Oklahoma City, 2011 WL 6152852 (W.D. Okla. 2011)......................................3

Matter of Christopher, 29 Misc.3d 1096 (Fam. Ct. 2010) ...............................................................5

Meyers v. City of Fort Meyers, 2011 WL 5554034 (M.D. Fla. 2011) ..........................................3

NSI Int'l, Inc. v. Mustafa, 2009 U.S. Dist. LEXIS 73909 (E.D.N.Y. 2009) .............................2

Occupy Columbia v. Haley, 2011 WL 6318587 (D.S.C. 2011) ...................................................3

Occupy Minneapolis v. City of Hennepin, 2011 WL 5878359 (D. Minn. 2011)..........................3

Occupy Tucson v. City of Tucson, 2011 WL 6747860 (D. Ariz. 2011) .......................................3

People v. Bilsted, 150 Misc.2d 872 (Crim. Ct. 1991)....................................................................5

People v. Epton, 19 N.Y.2d 496 (1967)........................................................................................5

Pisciotta v. Dobrynina, 2009 U.S. Dist. LEXIS 4395 (E.D.N.Y. 2009)...................................4, 7

Ting v. University of Bridgeport, 2011 WL 2222309 (D. Conn. 2011)......................................4, 6

Weiss v. Hager, 2011 U.S. Dist. LEXIS 150402 (S.D.N.Y. 2011) ...............................................3

## <u>Statutes</u>

28 U.S.C. § 1331 ................................................................................................…….2

28 U.S.C. § 1441 (b) ...........................................................................................…….2

28 U.S.C. § 1447 (c).………………………………………………………………7, 8

## <u>Codes/Regulations</u>

Albany City Code § 251-4 ...................................................................................……..6

Albany City Code § 251-5 ...................................................................................……..6

Albany City Code § 251-19 .................................................................................……..6

## PRELIMINARY STATEMENT

Petitioner, City of Albany, by and through its attorneys, Rehfuss, Liguori & Associates, P.C., of counsel to John J. Reilly, Esq., Corporation Counsel for the City of Albany, New York, as and for a Reply Memorandum of Law in support of Petitioner's Motion to Remand, pursuant to 28 U.S.C. § 1447, sets forth as follows:

## STATEMENT OF FACTS

The instant Memorandum of Law is in reply to the opposition submitted by Respondents Occupy Albany, Occupy Albany Legal Group, Mark Mishler as legal representative of Occupy Albany, John Doe and Jane Doe, to the Motion to Remand submitted by Petitioner. Petitioner relies upon the facts as set forth in its Memorandum of Law, dated January 25, 2012, and the Affidavit of Stephen J. Rehfuss, Esq., sworn to on January 25, 2012.

## ARGUMENT

### POINT I

### REMOVAL WAS IMPROPER AS THIS COURT LACKS JURISDICTION OVER THE ISSUES PRESENTED IN THE PETITION

Respondents assert that this Court has jurisdiction because the issues presented in the Petition require resolution of a substantial question of federal law, including whether the Albany City Code regulations conform to the United States Constitution and a balance of interest inquiry. See Respondents' Memorandum of Law, pp. 5-18. Respondents also argue that prior cases involving the Occupy movement have been heard in federal court and, therefore, this Court is the proper forum. See Respondents' Memorandum of Law, pp. 18-19. For the reasons that follow, Respondents arguments are without merit.

1

**A.**     **The issues raised in the Petition do not require resolution of a substantial question of federal law.**

The Petition seeks a permanent injunction preventing Respondents from establishing an encampment in Academy Park in light of the ongoing and persistent violations of the Albany City Code which plagued the encampment from October to December 2011.  The presiding court's analysis of whether the relief sought is appropriate implicates no federal questions but, rather, only requires an application analysis of the actions of Respondents in conjunction with the relevant New York state regulations.  As such, this Court lacks subject matter jurisdiction and the case should be remanded.  See U.S.C. §§ 1331; 1441 (b).

Respondents dedicate the majority of their argument to the allegation that Petitioner's actions violated their First Amendment rights, but the presiding court need not address that issue to decide the issue raised in the Petition.  The arguments revolving around the United States Constitution are simply defenses which are not a sufficient basis for removal.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10. 103 S. Ct. 2841, 2846-2847 (1983); NSI Int'l, Inc. v. Mustafa, 2009 U.S. Dist. LEXIS 73909, *7 (E.D.N.Y. 2009).  Although the Petition addresses First Amendment issues, these were raised solely in anticipation of what Respondents would inevitably argue in opposition.  As stated by the U.S. Supreme Court, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2429 (1987).

If Respondents wanted to dispute the constitutionality of Petitioner's actions, including the constitutionality of the ordinance promulgated by Chief Robert C. Forezzi (Exhibit G)[1], they were free to do so by commencing their own action, similar to other Occupy movements as can be seen in the cases provided by Respondents.  Then, Respondents would be free to choose the forum in which to bring their action but they cannot change the forum now based on the action they could have commenced.  See e.g. Hickerson v. City of New York, 146 F.3d 99, 111, 1998 U.S. App. LEXIS 11593, *34-*35 (2d Cir. 1998) (emphasizing a plaintiff's right to choose a forum); Weiss v. Hager, 2011 U.S. Dist. LEXIS 150402, * (S.D.N.Y. 2011) (stating that removal statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to, among other things, support the plaintiff's right to choose the forum).  Respondents assert that "thus far most Occupy litigation has been filed under 42 U.S.C. § 1983 and these cases have not been dismissed for lack of subject matter jurisdiction."  Respondents' Memorandum of Law, p. 19.  The vital distinction, however, is that those cases were commenced by the relevant Occupy group for the specific purpose of challenging the constitutionality of the government's actions. See e.g. Occupy Tucson v. City of Tucson, 2011 WL 6747860 (D. Ariz. 2011); Freeman v. Morris, 2011 WL 6139216 (D. Me. 2011); Isbell v. City of Oklahoma City, 2011 WL 6152852 (W.D. Okla. 2011); Occupy Columbia v. Haley, 2011 WL 6318587 (D.S.C. 2011); Occupy Fort Meyers v. City of Fort Meyers, 2011 WL 5554034 (M.D. Fla. 2011); Occupy Minneapolis v. City of Hennepin, 2011 WL 5878359 (D. Minn. 2011).

Here, it is axiomatic that Respondents are raising the constitutionality of Petitioner's actions solely as a defense in an attempt to prevent the presiding court from issuing a permanent injunction.  "It is well settled that the likelihood -- even the certainty -- that federal law will enter

---

[1] References to "Exhibit __" are to the exhibits attached to the Affidavit of Stephen J. Rehfuss, Esq., submitted in support of Petitioner's Motion to Remand, sworn to on January 25, 2012.

a case by way of defense does not confer jurisdiction upon the district courts." Debevoise v.
Rutland R. Corp., 291 F.2d 379, 380 (2d Cir. 1961).  In Debevoise, the issue of federal question
jurisdiction was summarized, and resolved, as follows:

> "Defendant's petition for removal stated that the receivership [requested by the
> plaintiff in the underlying action] took its property without due process of law and
> interfered with the allegedly exclusive federal power over railway labor disputes
> created by the Railroad Labor Act. Both the constitutional and the statutory
> defense could of course be pressed in the state courts and ultimately perhaps
> might be decided by the United States Supreme Court which has jurisdiction
> under 28 U.S.C. § 1257 if federal law has been drawn in question. But the claims
> could be asserted only as a defense to [the plaintiff's] petition for the receivership
> and thus their existence does not meet the requirement of [28 U.S.C.] § 1441 that
> the plaintiff's claim be one 'arising under' federal law." Id. (internal quotation
> marks and citations omitted).

An analogous scenario is present here.

Respondents also rely on Ting v. University of Bridgeport, 2011 WL 2222309 (D. Conn.
2011) where the District Court denied the plaintiffs' motion to remand to state court.  See
Respondents' Memorandum of Law, pp. 7-8.  In that case, the plaintiffs alleged that the
defendants violated a Connecticut statute.  See id. at *1.  Although the issue appeared purely
state-related at first glance, the Connecticut statute in question imposed liability on any employer
who disciplined an employee for exercising his or her First Amendment rights.  See id. at *2.  As
such, determining whether or not the defendants violated the statute necessarily required the
court to determine whether the First Amendment was triggered and violated.  This is not the case
here; the Petition simply asks the court to prevent Respondents from again violating the Albany
City Code.  See generally Pisciotta v. Dobrynina, 2009 U.S. Dist. LEXIS 4395 (E.D.N.Y. 2009)
(case remanded to state court because it arose under New York City Administrative Code and
not a federal statute or the U.S. Constitution); Children's Village v. Greenburgh Eleven Teachers
Union Federation of Teachers, 867 F.Supp. 245, 247, 1994 U.S. Dist. LEXIS 16320, *2

4

(S.D.N.Y. 1994) (case remanded to state court even though the defendant argued that the relief requested in the underlying action contravened the First Amendment).

Inasmuch as Respondents rely on cases where the court denied a request to stop future publications of obscene materials (see Respondents' Memorandum of Law, pp. 8-9), Respondents misstate the requirements to remove a case to federal court. As stated, the issue is not whether a federal issue may arise in deciding whether or not to grant the relief requested in the Petition. Petitioner does not deny that Respondents will make a First Amendment argument in an attempt to convince the presiding court not to grant the permanent injunction, but the issue as raised in the Petition is one of state law only. Additionally, several of the cases on which Respondents rely were handled in state court, reinforcing that state court is the proper forum. See People v. Epton, 19 N.Y.2d 496 (1967); Cosgrove v. Cloud Books, 83 A.D.2d 789, 443 N.Y.S.2d 450 (4 Dept. 1981), appeal dismissed 54 N.Y.2d 831 (1981); Matter of Christopher, 29 Misc.3d 1096 (Fam. Ct. 2010); People v. Bilsted, 150 Misc.2d 872 (Crim. Ct. 1991).

In light of the foregoing, it is respectfully submitted that the Petition does not involve issues of federal law as required to create federal jurisdiction, and to make removal proper.

**B.**     **Seeking a preliminary injunction does not create a federal question.**

Respondents also assert that a federal question arises because to obtain a permanent injunction, the party requesting the relief must show that the balancing of interests weighs in his or her favor. See Respondents' Memorandum of Law, pp. 12-15. If the Court agrees with Respondents' analysis, essentially any case where the relief requested is an injunction would be removable to federal court. This, in itself, belittles Respondents' argument that removal of the action would not upset the balance of judicial responsibilities between state and federal courts. See Respondents' Memorandum of Law, pp. 18-19. Respondents properly argue that a concern

in determining whether to remand a case or not is whether removal would upset the balance of those judicial responsibilities.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 316-318 (2005); Broder v. Cablevision Sys. Corp., 418 F.3d 187, 195-196 (2d Cir. 2005).  This includes the concern that hearing the case in federal court may open the floodgates to litigation of state law claims in federal court.  See Ting v. University of Bridgeport, 2011 WL 2222309, *3 (D. Conn. 2011), supra.  If the balancing of interest inquiry alone establishes federal question jurisdiction, as asserted by Respondents, there can be no doubt that the floodgates would open.  Again, Respondents' argument largely addresses what it believes to be the proper balancing inquiry in an attempt to distract the Court from the real issue of the lack of subject matter jurisdiction.  See Respondents' Memorandum of Law, pp. 12-16.

**C.**    **The underlying action does not revolve around the constitutionality of the regulations violated by Respondents.**

Lastly, Respondents assert that Petitioner's request for injunctive relief requires resolution of a question of federal law because the Petition is facially overboard.  See Respondents' Memorandum of Law, pp. 16-18.  For the reasons that follow, this argument is also without merit.

It should first be noted that, contrary to Respondents' contention, the Petition does specifically allege sections of the Albany City Code which were violated.  See Respondents' Memorandum of Law, p. 16.  The Petition cites Albany City Code § 251-4 and § 251-5, as well as the section regarding required permits, § 251-19.  The supporting Memorandum of Law also cites specific sections of the Albany City Code and further describes the violations and impermissible arrangements within Academy Park.  See Petitioner's Memorandum of Law in Support of Petition, pp. 2-3, 14.  (Exhibit A, ¶¶ 7-10)

6

Additionally, Respondents base their argument on the allegation that the regulation enacted by Chief Robert C. Forezzi and the relief requested in the Petition are overbroad because they also ban conduct that is protected by the First and Fourteenth Amendments.   See Respondents' Memorandum of Law, p. 16.   As stated previously, the arguments revolving around the U.S. Constitution are only defenses to the underlying proceeding and are not raised in the pleading – namely, the Petition – itself, except in anticipation of Respondents' impending response.  See Point IA, supra.  This is insufficient to remove the case, which is based solely on a state claim, to federal court.  See Point IA, supra; Pisciotta v. Dobrynina, 2009 U.S. Dist. LEXIS 4395 at *6 (E.D.N.Y. 2009), supra; Children's Village Greenburgh Eleven Teachers Union Federation of Teachers, 867 F.Supp. at 246-247 (S.D.N.Y. 1994), supra.

As such, Petitioner has failed to meet its burden of demonstrating that removal is proper and, therefore, the case should be remanded to the Supreme Court.  See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).

## POINT II

### PETITIONER IS ENTITLED TO COSTS AND EXPENSES INCURRED AS A RESULT OF THE IMPROPER REMOVAL

Petitioner relies on the argument set out in its initial Memorandum of Law with respect to its entitlement to costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447 (c).

## CONCLUSION

Petitioner respectfully requests that this case be remanded to the Supreme Court of Albany County in light of the absence of any federal jurisdiction; the Petition raises only state law claims and, as such, this Court is an improper venue for this proceeding.  Petitioner also requests that this Court order Respondents to pay costs and expenses, including attorneys' fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447 (c).


DATED:        February 27, 2012

> *S/ Stephen J. Rehfuss*
> STEPHEN J. REHFUSS, ESQ.
> NDNY Bar Roll No. 102421
> REHFUSS, LIGUORI & ASSOCIATES, P.C.
> Attorneys for Petitioner
> *The City of Albany*
> 40 British American Boulevard
> Latham, New York 12110
> (518) 713-2144


TO:    Mark S. Mishler, Esq.
       NDNY Bar Roll No. 102213
       The Law Office of Mark S. Mishler, P.C.
       Attorneys for Respondents
       *Occupy Albany, Occupy Albany Legal Group,*
       *Mark Mishler, as Legal Representative of Occupy*
       *Albany, John Doe and Jane Doe*
       750 Broadway
       Albany, New York 12207
       (518) 462-6753

Z:\Data from Laurie\ALBANY\30275.155\ReplyMOL.doc